<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CHEP USA, | : |
| Plaintiff, | : Civil Action No. 23-8498 (SRC) |
| v. | : **OPINION & ORDER** |
| CUTLER BROS. BOX & LUMBER CO., | : |
| Defendant. | : |

**CHESLER**, District Judge

    This matter comes before the Court on the motion to dismiss the Complaint by Defendant Cutler Bros. Box & Lumber Co. ("Cutler"). Plaintiff CHEP USA ("CHEP") has opposed the motion. For the reasons expressed below, the Court will grant the motion in part.

    In brief, the Complaint alleges the following facts. This case arises from a dispute between CHEP, a business that manufactures and leases pallets for shipping, and Cutler, a business that manufactures, recycles, and sells pallets. In 2022 and 2023, Cutler possessed and sold a non-trivial quantity of CHEP-branded pallets. CHEP contends that it never sells any pallets to anyone.

    In August of 2023, Plaintiff filed a Complaint asserting four claims: 1) conversion; 2) civil theft; 3) replevin; and 4) declaratory judgment. In lieu of an Answer, Cutler moved to dismiss the Complaint, in whole or in part, based on three arguments: 1) the action is barred under New Jersey's entire controversy doctrine; 2) the Court lacks subject matter jurisdiction over the case because the Complaint does not sufficiently allege an amount in controversy of at

least $75,000; and 3) the Complaint fails to allege sufficient facts to state a claim for conversion, and there is no cause of action for civil theft under New Jersey law.

Defendant's first argument, that the case is barred under New Jersey's entire controversy doctrine, must fail. A party may raise the entire controversy doctrine as an affirmative defense, as Defendant has done here. Oliver v. Ambrose, 152 N.J. 383, 403 (1998). This argument cannot succeed on the instant motion to dismiss, however, because it is based upon evidence which is extrinsic to the Complaint. In re Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d 125, 133 (3d Cir. 2016) ("a court considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) may consider only the allegations contained in the pleading to determine its sufficiency.") Furthermore, in a similar procedural context, the Third Circuit held:

> [I]n federal court, the assertion that an action is barred by the Entire Controversy Doctrine is also an affirmative defense pursuant to that Rule, included along with res judicata. At the least, the Doctrine constitutes "any other matter constituting an avoidance or affirmative defense" under Rule 8(c). . . .
>
> However, a motion to dismiss pursuant to Rule 12(b)(6) was not the proper vehicle in this case. We held in *Bethel v. Jendoco Constr. Corp.*, 570 F.2d 1168, 1174 (3d Cir. 1978), that if a statute of limitations "bar is not apparent on the face of the complaint, then it may not afford the basis for a dismissal of the complaint under Rule 12(b)(6)." This holding applies not only to a statute of limitations defense, but also to any affirmative defense raised pursuant to Rule 8(c), including res judicata and the Entire Controversy Doctrine.
>
> The claimed Entire Controversy bar in this matter was not "apparent on the face of the complaint." *Bethel*, 570 F.2d at 1174. Thus, the issue could not be resolved via a Rule 12(b)(6) motion.

Rycoline Prods. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997). The same is true in the instant case. The Complaint does not refer to any prior action and pleads no facts from which this Court could make a determination on the applicability of the entire controversy doctrine, nor does it reference documents from which this Court could make such a determination. Such a

2

determination would in fact require a fact-intensive analysis of evidence extrinsic to the Complaint that is not appropriate at this stage. The motion to dismiss the Complaint on the basis of the entire controversy doctrine will be denied without prejudice and may be renewed in a motion for summary judgment.

Defendant next argues that the "Complaint fails to allege sufficient facts to invoke the Court's subject matter jurisdiction," as regards the amount in controversy. (Def.'s Br. at 11.) Defendant contends that the Complaint does not allege facts to support its claim for $200,000 in damages. Defendant has overlooked the law applicable to challenges to the pleading of the amount in controversy. The Third Circuit has stated:

> As the party invoking diversity jurisdiction, Auto-Owners bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. But that burden is not especially onerous. In reviewing the complaint, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89, 58 S. Ct. 586, 82 L. Ed. 845 (1938). Accordingly, the question whether a plaintiff's claims pass the 'legal certainty' standard is a threshold matter that should involve the court in only minimal scrutiny of the plaintiff's claims. . .
>
> In its amended complaint, Auto-Owners alleged that the amount in controversy exceeded $75,000. Typically, such a general allegation when not traversed is sufficient, unless it is qualified by others which so detract from it that the court must dismiss sua sponte or on defendants' motion.

Auto-Owners Ins. Co. v. Stevens & Ricci, Inc., 835 F.3d 388, 395-96 (3d Cir. 2016) (citations omitted).

For Defendant to succeed on this challenge to the pleading of the amount in controversy, then, it must persuade that it is a legal certainty that the claim is really for less than the jurisdictional amount. Defendant has not done so. As the Third Circuit explained, even a

3

general allegation of an amount in controversy greater than $75,000 is sufficient when not traversed or qualified by other allegations that detract from it. Defendant has pointed to no factual allegations which detract from the Complaint's general allegation that the amount in controversy exceeds $75,000. The Court has no basis to find that the allegation was not made in good faith, or that it has been traversed or contradicted, or that it is a legal certainty that the claim is really for less than the jurisdictional amount. The motion to dismiss the Complaint for lack of subject matter jurisdiction will be denied.

Third, Defendant challenges the claims for conversion and civil theft. In response, Plaintiff withdrew the claim for civil theft. (Pl.'s Opp. Br. at 9 n.3.) The motion to dismiss the second cause of action (civil theft) will be granted, and the second cause of action will be dismissed with prejudice.

As to the claim for conversion, Defendant contends that the Complaint does not plead sufficient facts to support the elements of a claim for conversion under New Jersey law. Defendant points to the requirement under the New Jersey law of conversion that a plaintiff both owns the converted property and has the right to immediate possession; Plaintiff does not dispute that these are essential elements of a conversion claim.[1] Defendant argues:

> Here, the Plaintiff has alleged that it leased pallets to unidentified third parties, and thus could not have possessory rights to its pallets. The Complaint leaves questions unanswered as to the terms of its pallet leases, such as their duration, or the lessee's rights to sublease the pallets or store them on another's property before reusing or returning them to the Plaintiff.

---

[1] "The elements of conversion are: (1) 'the property and right to immediate possession thereof belong to the plaintiff;' and (2) 'the wrongful act of interference with that right by the defendant.'" Kromah v. Kagan, 2019 N.J. Super. Unpub. LEXIS 620, at *6 (N.J. Super. Ct. App. Div. Mar. 19, 2019) (quoting First Nat'l Bank v. North Jersey Trust Co., 18 N.J. Misc. 449, 452, 14 A.2d 765 (1940).)

(Def.'s Br. at 13.)

The Court agrees with Defendant that the Complaint does not plead sufficient facts to support the inference that Plaintiff has the right to immediate possession of the property at issue. To meet the pleading requirements of Rule 8(a), a complaint must contain "sufficient factual allegations, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

In relevant part, the Complaint alleges:

16. The CHEP pallet pool rental system involves the shared use of high quality pallets by multiple customers or users. Although there are variations, the following is a general explanation of how the system works: CHEP leases its pallets to manufacturers who use the CHEP pallets as a platform for the transportation of goods to their distributors. The distributors in turn use the CHEP pallets within their distribution system until the original manufacturer's product is emptied from the pallet. The empty pallets are then set aside for return to or collection by CHEP.

24. The leasing process begins with CHEP entering into an agreement with a manufacturer of goods in need of pallets.

25. In order to retain control and dominion over its pallets, CHEP also enters into pallet retention and return agreements with downstream commercial entities, such as distributors.  Before a lessee can ship its product on a CHEP pallet to a downstream entity, it must first obtain approval from CHEP, or must know that the downstream entity is already a customer of CHEP.

32. Upon information and belief, as part of its business, Defendant unlawfully collects CHEP pallets from third parties authorized by CHEP to use such pallets.

68. CHEP has a superior right to CHEP pallets.

In short, the Complaint alleges that CHEP authorizes third parties to use its pallets, but does not allege lease agreements with the third parties.

In opposition, Plaintiff argues: "CHEP has factually alleged that it owns the CHEP pallets at issue and that it has a right to immediate possession of those pallets once they are no longer in the possession of CHEP's direct customers." (Pl.'s Opp. Br. at 10.) The Complaint does not support the second part of Plaintiff's contention. In fact, the Complaint says nothing about CHEP's right to immediate possession of the pallets after it releases them into its rental pool. The Complaint asserts that Defendant has no right to possession, but nothing about Plaintiff's right to immediate possession.[2] Nor does the Complaint allege facts that make plausible that Plaintiff has a right to immediate possession of the pallets in Defendant's possession. The Complaint alleges that Plaintiff leases pallets to manufacturers, and authorizes delivery of pallets to third parties, and authorizes the third parties to use the pallets. The Complaint alleges no facts to support any inference about the terms and conditions of the authorization to third parties to use the pallets. The allegation that Plaintiff has authorized third parties to use the pallets supports the inference that Plaintiff does not, during such time, have the right to immediate possession of the pallets, since it has authorized the third parties to use and possess the pallets. The Complaint provides the Court with no factual basis to support the inference that occurrence of some condition triggers the restoration of the right to immediate possession of the pallets to Plaintiff.[3]

---

[2] Plaintiff points to its statement, "CHEP has a superior right to CHEP pallets." (Complaint ¶ 68.) This statement: 1) is a legal conclusion, see Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"); and 2) does not, without more, speak to Plaintiff's right to immediate possession of the pallets at issue.

[3] By way of illustration, consider the ordinary scenario of a consumer auto rental. The lessor and lessee make an agreement which provides that payment is exchanged and the right to immediate

The Court finds that the Complaint does not allege sufficient facts to make plausible the inference that Plaintiff held the right to immediate possession of the pallets alleged to be in Cutler's possession. The Complaint does not plead sufficient facts to support an essential element of a claim for conversion under New Jersey law. The motion to dismiss the conversion claim will be granted, and the conversion claim will be dismissed without prejudice. Plaintiff will be granted leave to replead the conversion claim within 30 days.

For these reasons,

**IT IS** on this 21st day of November, 2023

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 9) is **GRANTED** in part and **DENIED** in part; and it is further

**ORDERED** that, as to the second cause of action (civil theft), Defendant's motion to dismiss the Complaint is **GRANTED**, and the second cause of action in the Complaint is hereby **DISMISSED** with prejudice; and it is further

**ORDERED** that, as to the first cause of action (conversion), Defendant's motion to dismiss the Complaint is **GRANTED**, and the first cause of action in the Complaint is hereby **DISMISSED** without prejudice; and it is further

**ORDERED** that Plaintiff is granted leave to replead the conversion claim within thirty days of the date of entry of this order; and it is further

---

possession of the car is transferred from lessor to lessee. When the lease period expires, the right to immediate possession of the car returns to the lessor, pursuant to the operation of the lease agreement. In the instant case, the Complaint alleges no facts to make plausible the inference that, upon the occurrence of some condition, the right to immediate possession of the pallet returned from the authorized third party to Plaintiff.

**ORDERED** that, as to all other claims, Defendant's motion to dismiss the Complaint is **DENIED**.

s/ Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge
